**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:     FRAN SHAFFER,              :     Chapter 13
                                      :
           Debtor.                    :     Bky. No.  11-11603 ELF
                                      :

# O R D E R

    AND NOW, WHEREAS:

A. The Debtor commenced this chapter 13 bankruptcy case on **March 3, 2011**.

B. The deadline ("the Bar Date") for filing proofs of claim (other than those of governmental units) was **August 23, 2011**.

C. The Debtor's chapter 13 plan was confirmed on **January 17, 2012**.

D. Peter DeFeo ("DeFeo") was not listed as a creditor in the Debtor's schedules and did not receive written notice of the bankruptcy case prior to the Bar Date.

    \*        \*        \*        \*

E. On **March 14, 2013**, DeFeo filed a proof of claim, asserting a priority claim under 11 U.S.C. §507(a)(4) in the amount of $10,000.00 ("the Claim").

F. On **September 14, 2014**, the Debtor filed an Objection to the Claim ("the Objection").

G. In the Objection, the Debtor asserted, inter alia, that the Claim should be disallowed on the following grounds:

    (1) the claim was filed late;

    (2) even though DeFeo did not receive written notice of the filing of the bankruptcy case and the Bar Date, he had no excuse for filing a late claim because

   he had actual notice of the bankruptcy case prior to the Bar Date; and

   (3) the claim had no legal or factual basis.

\*   \*   \*   \*

H. There are two (2) lines of cases with respect to the treatment of a late-filed claim in a chapter 13 case.

I. In one line of cases ("the First Line of Cases"), courts have held that a bankruptcy court may allow a late-filed claim in a chapter 13 case on either or both of the following rationales: (1) the deadline for filing claims set forth in Fed. R. Bankr. P. 3002(c) implicitly assumes that creditors have received notice of the deadline; and (2) the principle of due process of law justifies or mandates an extension of the deadline if the creditor did not receive notice of the deadline. See, e.g., In re Adams, 502 B.R. 645 (Bankr. N.D. Ga. 2013); In re Washington, 483 B.R. 871 (Bankr. E.D. Wis. 2012); In re Harris, 447 B.R. 254 (W.D. Ark. 2011); In re Tarbell, 431 B.R. 826 (Bankr. W.D. Wis. 2010).

J. In a second line of cases ("the Second Line of Cases), courts have held that, based on the interrelationship of Fed. R. Bankr. P. 3002(c), 9006 and 11 U.S.C. §§502(b)(9), 523(a)(3) and 1328(a)(2), that the bankruptcy court lacks the legal authority to allow a late-filed claim in a chapter 13 case, unless there are grounds for extending the deadline under Rule 3002(c). See, e.g., In re Daniels, 466 B.R. 214 (Bankr. S.D.N.Y. 2011); In re Sykes, 451 B.R. 852 (Bankr. S.D. Ill. 2011); In re Nwonwu, 362 B.R. 705 (Bankr. E.D. Va. 2007); see also In re Bolyar, 2009 WL 2869938, at \*3 (Bankr. E.D. Pa. Mar. 12, 2009); In re Kristiniak, 208 B.R. 132, 133-35 (Bankr. E.D. Pa. 1997).

\*        \*        \*        \*

K. On **October 28, 2014**, the court conducted a hearing, limited to the question whether DeFeo had actual notice of the Bar Date sufficiently in advance of the deadline to allow him to file a timely proof of claim.[1]

L. After considering the Debtor's evidence on **October 28, 2014**, the court found that the Debtor had not offered sufficient evidence to prove that DeFeo had actual notice of the Bar Date sufficiently in advance of the deadline to allow him to file a timely proof of claim.

M. Following that ruling, the court scheduled a hearing on the remaining issues in this contested matter for **November 4, 2014**, at 9:00 a.m., in Bankruptcy Courtroom No. 1, 900 Market Street, Philadelphia, PA.

\*        \*        \*        \*

N. Since concluding the **October 28, 2014** hearing, the court had further opportunity to consider the two (2) lines of cases described above.

O. The court has concluded that the Second Line of Cases is correct and should govern this contested matter.

P. Under the Second Line of Cases, DeFeo's Claim cannot be allowed as a matter of law because

---

[1] I held the hearing on this narrow issue, before requiring the parties to address the merits of the dispute, because if DeFeo had timely, actual notice, as the Debtor alleged, the First Line of Cases would not be applicable and the Claim would have to be disallowed on the simple ground that it was untimely filed. See 11 U.S.C. §502(b)(9).

there is no factual dispute that it was untimely filed and there is no basis under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure for extending the deadline for the filing of the Claim.[2]

It is therefore **ORDERED** that:

1. The hearing scheduled on **November 4, 2014** is **CANCELED**.

2. Claim No. 13 is **DISALLOWED**.[3]

---

[2]  Without repeating the analysis set out by the courts following the Second Line of Cases, in essence, my conclusions are that: (1) the Code and Rules address the problem of late-filed claims in chapter 13 cases by mandating their disallowance (upon objection), but permitting the claims to pass through the case not subject to the discharge and (2) that this treatment does not amount to a denial of constitutional due process of law.

At bottom, the treatment of late filed claims in chapter 13 cases amounts to nothing more than delaying a creditor's right to invoke its remedies under applicable nonbankruptcy law until the expiration of the automatic stay, 11 U.S.C. §362(a).  Viewed in this light, it is impossible to conclude that the lack of notice of the claim filing deadline rises to a constitutional dimension sufficient to mandate allowance of a late filed proof of claim contrary to the express requirements of the Federal Rules of Bankruptcy Procedure.  Indeed, it is a fundamental bankruptcy principle that Code provisions that delay the exercise of the creditor's remedies are not, per se unconstitutional, even with respect to the property of rights of **secured creditors**.  See Wright v. Vinton Branch of Mountain Trust Bank, 300 U.S. 440, 469-70 (1937).  And, unsecured creditors do not enjoy the same level of protection as secured creditors do under the Constitution.  See generally Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 589 (1935) ("Under the bankruptcy power Congress may discharge the debtor's personal obligation, because, unlike the states, it is not prohibited from impairing the obligations of contracts").

I acknowledge that there may be cases in which the loss of the right to participate in the distribution from a chapter 13 estate could be more valuable than the right to continue collection efforts post-bankruptcy.  However, in many chapter 13 cases, the opposite will be true because the distribution to unsecured creditors is nominal, making nondischargeability more beneficial to the creditor who did not receive notice of the deadline for filing claims.  In any event, this was the policy choice that Congress made.

[3]  I make one final observation for the benefit of the parties.

While the issue of dischargeability, technically, is not before me and would require the filing of an adversary proceeding, see Fed. R. Bankr. P. 7001(6), in light of my ruling in this contested matter, it appears likely that DeFeo's disputed claim is nondischargeable in this chapter 13 case.  See 11

(continued...)

**Date: November 3, 2014**

_____
**ERIC L. FRANK
CHIEF U.S. BANKRUPTCY JUDGE**

cc: Peter DeFeo
    P.O. Box 2000
    Media, PA 19063

---

[3](...continued)
U.S.C. §1328(a)(2) (incorporating 11 U.S.C. §523(a)(3)).  As a result, after the automatic stay terminates, see 11 U.S.C. §362(c), (d), DeFeo may be able assert his claim against the Debtor in state court where the Debtor may raise all of her defenses.  Thus, the main consequence of my ruling is to pass the parties' dispute through the bankruptcy case, leaving its resolution on the merits to another day in another forum.

        I am aware that the Debtor may have preferred to have this court decide the dispute on the merits (and take the risk that allowance of the Claim, at least as a priority claim, might prevent her from completing her chapter 13 plan and obtaining a chapter 13 discharge).  However, disallowance of the claim, as the rules of court mandate, deprives this court of subject matter jurisdiction to resolve the dispute.  Once the claim has been disallowed, the merits the Claim  will have no impact on the administration of the bankruptcy case.  See, e.g., In re Shuman, 277 B.R. 638, 647 (Bankr. E.D. Pa. 2001) ("Typically, litigation which is related to a bankruptcy case is litigation which will affect in some manner the property to be administered by the bankruptcy trustee or the amount or priority of claims to be repaid").  This result is rooted in the Debtor's failure to list DeFeo as a creditor and give him notice at the outset of the bankruptcy case.